COMMONWEALTH *versus* LEANDER RICHARDS.

The 12th article of the Declaration of Rights, which provides, that in criminal cases, the accused shall have the right " to meet the witnesses against him, face to face," is not violated by the admission of testimony in a criminal trial before a jury, to prove what a deceased witness testified at the preliminary examination of the accused before a justice of the peace.

It is not sufficient, in such case, to prove the substance and effect merely of the testimony of the deceased witness, although the memory of the witness offered to prove such testimony, be aided by notes taken at the preliminary examination ; but the whole of the testimony of the deceased witness upon the point in question, and the precise words used by him, must be proved.

THIS was an indictment against the defendant for perjury. The offence was alleged to have been committed at the examination of Ebenezer D. Richards, on a complaint made against him for forging the name of Solomon Hopkins.

The defendant pleaded not guilty.

At the trial, in the Court of Common Pleas, before *Strong,* J., it appeared, that Hopkins, who was duly sworn as a witness, at the preliminary examination of the present defendant, before a justice of the peace, had since deceased.

Josiah Adams and Omen S. Keith were called as witnesses, and were permitted to testify as to the testimony of Hopkins at the examination of the defendant before the magistrate These witnesses did not state the exact words used by Hopkins, but *only the substance of* them, from recollection, aided by notes taken at the time. Keith testified, that he was confident that he stated the substantives and verbs correctly, but was not certain as to the prepositions and conjunctions.

To the admission of this testimony the defendant objected, for the following reasons :

1. Because it was mere hearsay testimony, and consisted wholly of the declarations of another.

2. Because the testimony of Hopkins was given on the trial of another and different issue from the one then about to be submitted to the jury.

3. Because Adams and Keith could not, and did not, pretend to give in evidence the words used by Hopkins at the examination, but only what they believed to be the substance and purport thereof.

4. Because the testimony of Hopkins was given at the examination of the defendant before a justice of the peace, where the defendant had not, and could not have, an opportunity to cross-examine the witness and to apply the usual tests for eliciting the truth.

These objections were overruled ; and the jury having found a verdict of guilty, the defendant excepted to the ruling of the court.

*W. Brigham*, for the defendant. The admission of the testimony of Adams and Keith, was in violation of the 12th article of the Declaration of Rights, which provides that in criminal cases, the subject shall have the right to meet the witnesses against him, face to face. The objects of this provision are : 1. to prevent any mistake as to the identity of the person accused ; 2. to deter the witness from testifying falsely, by the presence of the accused ; and 3. to give the jurors an oppor tunity to see the effect of the meeting of the accused and the witness. It is not sufficient that such a meeting takes place at a preliminary examination of the accused before a magistrate, but they must meet face to face before the court and jury. *State* v. *Atkins*, 1 Overton, 229.

In the present case, the witnesses stated merely the sub stance of the words used by the deceased witness, but not the words themselves ; and their testimony is, therefore, inadmissible. *Le Baron* v. *Crombie*, 14 Mass. R. 234 ; *Melvin* v. *Whiting*, 7 Pick. 79 ; *Doncaster* v. *Day*, 3 Taunt. 262 ; Saund. Pl. & Evid. 555 ; Phil. on Evid. (N. York ed. 1820) 199 ; *Rex* v. *Jolliffe*, 4 T. R. 290 ; *Wilbur* v. *Selden*, 6 Cowen, 162 ; *Jackson* v. *Woolsey*, 11 Johns. R. 446 ; *Lightner* v. *Wike*, 4 Serg. & Rawle, 203 ; *Wolf* v. *Wyeth*, 11 Serg. & Rawle, 149 ; Peake's Evid. 60 ; *Fenwick's case*, 5 State Trials (Hargr. ed.) 64 ; *Pyke* v. *Crouch*, 1 Ld. Raym. 730 ; *Finn* v. *Com-*

*monwealth,* 5 Randolph, 708 ; *State v. Atkins,* 1 Overton, 229 ; *Crary* v. *Sprague,* 12 Wendell, 45. This species of evidence has never been held admissible in criminal cases. It is admissible only where the witness is dead, and the parties and the issue continue to be the same. Here there was no preceding trial. The justice had no authority to try the defendant, but only to bind him over to a higher tribunal. At such preliminary examinations there is not a full investigation of the circumstances ; and the accused is not prepared to cross-examine. Besides, in the present case, the deceased witness was the accuser ; for it was his name that was alleged to have been forged. *Jackson* v. *Winchester,* 4 Dallas, 206 ; *Jessup* v. *Cook,* 1 Halsted, 434.

The inconvenience of admitting this kind of evidence is very striking. In England, the very *words* of the deceased witness must be given ; and this shows the absurdity of admitting such evidence ; for the countenance of a witness, and his manner of testifying, have a very important bearing in weighing the truth of his testimony.

*Austin* (Attorney-General) for the Commonwealth, to the point, that it was a well established general rule, that the testimony of a deceased witness on a former trial may be given in evidence in criminal as well as civil cases, cited *Buckworth's case,* T. Raymond, 170 ; *Coker* v. *Farewell,* 2 P. Wms. 563 ; *Pyke* v. *Crouch,* 1 Ld. Raym. 730 ; *Doncaster* v. *Day,* 3 Taunt. 262 ; *Le Baron* v. *Crombie,* 14 Mass. R. 234 ; *United States* v. *Wood,* 3 Wash. C. C. R. 440 ; *Jackson* v. *Lawson,* 15 Johns. R. 544 ; Buller's N. P. 242 ; *Bromwich's case,* 1 Levinz, 180 ; that it is not necessary, that the exact words used by the deceased witness should be proved, and that the court may exercise its discretion as to the admission of such testimony, *Melvin* v. *Whiting,* 7 Pick. 79 ; and that the examination before the magistrate and the trial before the jury, are to be deemed the same action, *Jackson* v. *Lawson,* 15 Johns. R. 234.

PUTNAM J. delivered the opinion of the Court. The question is, whether the testimony of Messrs. Adams and Keith, of what S. Hopkins swore to before the magistrate upon the examination of the defendant, on the charge of perjury, is competent evidence.

It has been contended for the defendant, that the admission of such evidence is directly against the 12th article of the bill of rights, which provides, that in criminal cases the subject shall have a right " *to meet the witness against him, face to face.*"

Now the defendant did meet the witness who has deceased, face to face, and might have cross-examined him before the magistrate touching this accusation. Was it competent for the witnesses, who testified at the trial in the Court of Common Pleas, in the presence of the prisoner, to state what Hopkins, who is now deceased, did swear to before the magistrate in the presence of the prisoner ? We·do not think that the case falls within the constitutional objection. That provision was made to exclude any evidence by deposition, which could be given orally in the presence of the accused, but was not intended to affect the question as to what was or was not competent evidence to be given face to face according to the settled rules of the common law. In trials for murder, for example, the dying declarations of the party as to the fact of having received the death-wound from the party accused and the circumstances attending, have been proved by persons who were present and heard and could make oath to such declarations. They are not considered as hearsay evidence, for being made under the apprehension of immediate death, they are justly supposed to be entitled to all the credit which would be given to them, if the declarant made them upon oath. Such declarations, made when the accused was not present, are admissible n evidence ; Peake's Evid. 60 ; *Rex* v. *Radbourne*, Leach, 512 ; and were not intended to be excluded or touched by the provision cited from the bill of rights.

We think it to be very clear, that testimony of what a deceased witness did testify on a former trial between the same parties on the same issue, is competent evidence. The rule is thus well stated in 2 Lilly's Abr. 745. "If one who gave evidence on a former trial, be dead, then, upon·proof of his death,·any person who heard him give evidence and observed it, shall be admitted to give *the same evidence* as the deceaseu witness gave, provided it were between the same parties." I cite the passage for the expression " shall be permitted to give

the *same evidence,*" which the deceased gave. It is to be the same, not a part, not the effect or substance, but the whole evidence which the deceased witness gave, touching the matter or issue in controversy. 1 Phil. Evid. *c.*7, § 7 ; *Miles* v. *O' Hara,* 4 Binney, 111 ; *Pyke* v *Crouch,* 1 Ld. Raym. 730 ; *Melvin* v. *Whiting,* 7 Pick. 79 ; Bull. N. P. 242, *et seq.* In *Finn* v. *Commonwealth,* 5 Randolph, 708, the court confined this rule of evidence to *civil* causes : " we cannot find the rule has ever been allowed in a *criminal case.*" But the rules of evidence in civil and in criminal cases are generally the same. And this rule was recognized in the information against *Buckworth,* T. Raymond, 170, for perjury in a case of ejectment. The defendants pleaded not guilty ; and to prove the perjury, a witness was produced to prove what one, who had since died, swore upon the first trial. *Keyling* C. J. would not allow it, because the former trial was betwixt other parties. *Twisden and Morton, contrà,* and it was allowed. Now *Keyling* did not contend, that such evidence was not competent, if it were between the same parties. *Vid. S. C.* 1 Sid. 377, where the particular evidence given by the defendant, is set forth.

It is stated in Gilb. Evid. 889, that exceptions to the rules as to hearsay evidence applicable to ancient customs, do not apply to criminal cases. But in the case of the *United States* v. *Wood,* 3 Wash. C. C. R. 440, for robbing the mail, such evidence is held to be admissible. Bache was allowed to testify what Hare swore to at a former trial ; but he could not do it. He could swear to what he thought was the substance and effect of it. He was allowed to refresh his recollection by reference to the minutes which he had taken at the time ; but he was rejected, because he could not say that he recollected the words of Hare, although he felt the most entire confidence that he had taken them as the witness uttered them. Now this was right ; for unless he could give the words, how can it be said to be the same evidence that the deceased witness gave ? It is the mere inference ; but the jury should draw the inference from the words which the deceased witness used. So in *Rex* v. *Jolliffe,* 4 T. R. 290, a witness was called to prove what Lord Palmerston had sworn to at a former trial, and was rejected, because he would not undertake to give the very words, but merely their effect, or substance.

But the whole of what the deceased witness said should be proved. Some part which was said and not recollected, might certainly limit and qualify the meaning of the words which are recollected. Hence it is, that persons who are in hearing, who are favorably inclined to one party, may recollect a particular expression, which conformed to their wishes, and wholly omit the words of qualification ; while others, who incline towards the other side, will remember the words of qualification and forget or take no notice of the particular expression. We see this exemplified very frequently in trials before juries. How common it is, for the counsel engaged in the cause to disagree as to what the witness has sworn to, recently. One notes down upon paper or treasures up in his mind, what he considers to be favorable, and disregards the rest, while the other recollects the rest with great clearness. And it is not unusual that the court understood the witness to state the matter differently from what the counsel on either side suppose was the evidence.

The difficulty is increased by the length of time which has elapsed between the time when the testimony of the deceased witness was given, and the statement of it by the living witness who heard it.

To be worth any thing the whole of what the deceased wit ness said upon the matter should be stated ; and if you get the whole, it is very defective ; for you cannot have a true representation of the countenance, manner and expression of the deceased witness, which either confirmed or denied the truth of the testimony. The false witness cannot endure the stings of his wounded conscience, his countenance and his deportment will, in spite of his endeavours to the contrary, by signs as clean and intelligible as they are inexpressible, declare, that the story which he has just sworn to, is a lie.

These considerations induce us to require full proof of all that the deceased witness swore to. His words, and not the synonymous words of him who states his testimony, are to be recited. In *Wilbur* v. *Selwin*, 6 Cowen, 162, the court held, that the words of the deceased witness should be given, and not the substance of them. It is true, that this strictness will generally exclude such testimony ; for if the evidence of a de-

<div style="float:left">Common-<br>wealth<br><i>v.</i><br>Richards.</div>

ceased witness was minute and protracted and related to a transaction which was of a complicated character, it would seem to be almost incredible that any person could with certainty recite it. If he undertook to do it, it is very likely he would lose as much in credit, as he should assume in positiveness. If the evidence related to a single fact, for example, whether the witness did or did not see A. B. sign such a note, the answer might well be recollected.

To apply this reasoning and the authorities which are cited at the bar, to the case under consideration, we think it to be very clear, that there was not legal and sufficient evidence given by Mr. Adams or by Mr. Keith, of what Hopkins, the deceased witness, swore to. They say they cannot give the exact words, but their substance from recollection aided by notes of his testimony taken at the trial. And this sort of evidence was rejected by the Circuit Court of the United States in the case of the *United States* v. *Wood*, before cited. The case at bar is not certainly more favorable for the government than that was.

The result follows, that the verdict must be set aside, and a new trial be had at the bar of the Court of Common Pleas for this county.